UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MYTAYARI KEYES                                      Index No. 18-cv

        Plaintiff                              **COMPLAINT**

-against-

                                                   **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,

THE NEW YORK CITY POLICE DEPARTMENT,

POLICE OFFICER MANUEL SILVA *in his individual and official capacity*,

POLICE OFFICER PETER CASSIDY *in his individual and official capacity*,

POLICE OFFICER MICHAEL LOONEY *in his individual and official capacity*,

        Defendants.
------------------------------------------------------------------------x

Plaintiff Mytayari Keyes brings this action against Defendants The City of New York, The New York City Police Department, Police Officer Manuel Silva, Police Officer Peter Cassidy, and Police Officer Michael Looney and alleges as follows:

## NATURE OF THE ACTION

1.     This is a civil rights action in which plaintiff Mytayari Keyes seeks relief for violations of rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983; and, of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution; and, for rights secured under the laws and Constitution of the State of New York. Plaintiff seeks damages, compensatory and exemplary, an award of costs and attorney's fees, and such other and further relief as this Court deems just and proper.

## THE PARTIES

2.     Plaintiff Mytayari Keyes is a resident of the State of New York, County of Kings.

3. Upon information and belief, Defendant The City of New York ("The City"), was and still is a municipal corporation duly organized and existing under the laws of the State of New York.

4. Upon information and belief, The City, its agents, servants, employees and/or licensees operated, maintained and controlled the New York City Police Department ("The NYPD"), including all the police officers thereof.

5. Upon information and belief, The NYPD, its agents, servants, and employees, supervised, maintained, and controlled its personnel.

6. Upon information and belief, Defendants Silva, Cassidy, and Looney were and still are employed by The NYPD and are residents of the State of New York, New York County.

7. A Notice of Claim was filed within 90 days of the occurrence alleged herein.

8. More than 30 days have elapsed since the Notice of Claim was served upon the defendants and defendants have neglected or refused to make any adjustment or payment thereof.

9. This action is commenced within one year and 90 days after the cause of action arose.

**VENUE AND JURISDICTION**

10. Jurisdiction is conferred by 28 U.S.C. § 1343, which provides for original jurisdiction of this Court in suits authorized under 42 U.S.C. § 1983, to redress the deprivation (under color of state law, statute, ordinance, regulation, custom or usage) of any right, privilege or immunity secured by the Constitution of the United States or by any act of Congress providing for equal rights of citizens of all persons within the jurisdiction of the United States.

11. This Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

12. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(3).

## FACTUAL ALLEGATIONS

13. On or about March 1, 2017 in the vicinity of West 44th Street and 7th Avenue, New York, NY 10012, Officer Cassidy arrested Mr. Keyes without probable cause.

14. Mr. Keyes was arrested and placed in handcuffs by Officer Silva.

15. Mr. Keyes was then questioned by Officers Silva, Cassidy, and/or Looney without being advised of his *Miranda* rights.

16. The three Officer Defendants also attempted to frame Mr. Keyes for a crime he did not commit by encouraging an unknown person(s) to make false accusations against Mr. Keyes.

17. On March 2, 2017, Officer Cassidy signed a criminal complaint charging Mr. Keyes with forcible touching and sexual abuse.

18. The complaint contained false statements by Officers Cassidy and Silva.

19. Officer Silva also signed a supporting deposition signed by Officer Silva which also contained false statements.

20. Before Mr. Keyes' criminal trial, Officers Silva, Cassidy, and Looney withheld exculpatory information which was required to be disclosed under *Brady v. Maryland*.

21. During the pre-trial hearing, Officer Cassidy falsely testified under oath about the circumstances surrounding Mr. Keyes's arrest.

22. During trial, Officer Silva falsely testified under oath about the circumstances surrounding Mr. Keyes's arrest.

23. All of the criminal charges were resolved in Mr. Keyes's favor either by dismissal or acquittal.

## FIRST CAUSE OF ACTION
### (False Arrest Under State Law; All Defendants)

24. Plaintiff repeats and realleges each and every previous allegation contained in this Complaint and incorporates them here.

25. Defendants, individually and acting in concert and/or aiding and abetting each other, intended to confine Plaintiff.

26. Defendants did not have probable cause to arrest Plaintiff

27. Plaintiff was conscious of that confinement and did not consent to it.

28. The confinement was not privileged and made in disregard of overwhelming evidence of Plaintiff's innocence. As a result of defendants' actions, Plaintiff suffered damages.

## SECOND CAUSE OF ACTION
### (Malicious Prosecution Under State Law; All Defendants)

29. Plaintiff repeats and realleges each and every previous allegation contained in this Complaint and incorporates them here.

30. By virtue of the foregoing, defendants, acting in concert with and aiding and abetting each other and with additional persons for whose acts they are liable, initiated, continued and/or caused the initiation or continuation of, criminal proceedings against Plaintiff.

31. The criminal proceedings terminated in Plaintiff's favor.

32. There was no probable cause for the commencement or the continuation of the criminal proceedings.

33. The defendants acted with actual malice.

34.     The City is liable for defendant's actions under the principle of *respondeat superior*.

### THIRD CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress Under State Law; All Defendants)

35.     Plaintiff repeats and realleges each and every previous allegation contained in this Complaint and incorporates them here.

36.     Defendants engaged in a continuous pattern of extreme and outrageous conduct directed at Plaintiff.

37.     Defendants engaged in that pattern of conduct with an intention to cause or in reckless disregard of the substantial probability that it would cause, Plaintiff severe emotional distress.

38.     Specifically, defendants, individually and conspiring, acting in concert with and/or aiding and abetting one another and other persons for whose acts they are liable, created false official records to be used against Plaintiff, initiated or caused the initiation and continuation of false and unfounded criminal charges against Plaintiff while lacking probable cause to do so.

39.     Plaintiff suffered severe emotional distress as a result of defendants' actions.

40.     By virtue of the foregoing, Plaintiff suffered actual and special damages.

41.     The City is liable for defendant's actions under the principle of *respondeat superior*.

### FIFTH CAUSE OF ACTION
### (Negligent Hiring, Training and Supervision; Defendant City of New York)

42.     Plaintiff repeats and realleges each and every previous allegation contained in this Complaint and incorporates them here.

43. By virtue of the foregoing, defendant City of New York is liable to PLAINTIFF because of its intentional, deliberately indifferent, careless, reckless, and/or grossly negligent hiring, retention and supervision of its agents, servants and/or NYPD employees with regard to their duties, including:

(a) the duty not to use false, misleading or unreliable evidence;

(b) the continuing obligation to correct false, inaccurate, incomplete or misleading evidence and statements; and

(c) the continuing duty to obtain, to preserve and to make timely disclosure to the appropriate parties, including the court and prosecutors, during criminal investigations and prosecutions, of all material evidence or information favorable to a person suspected, accused or convicted of criminal conduct, including exculpatory evidence as well as evidence impeaching the credibility or undercutting the reliability of prosecution witnesses and including verbal as well as recorded information.

44. Policymaking and supervisory officials for the New York City Police Department and the City had legal and constitutional obligations to prevent their employees from violating the above duties. Those policymakers and officials had knowledge and notice that adequate polices regarding hiring, retention and supervision were necessary with respect to rank and file police officers and their supervisors and that failing to implement such policies would result in the violation of the constitutional rights of individuals investigated and arrested by the NYPD

45. By virtue of the foregoing, Plaintiff suffered actual damages.

**EIGHTH CAUSE OF ACTION**
**(42 U.S.C. §1983; Malicious Prosecution; Wrongful Arrest And Detention; False Arrest; Evidence Manufacturing; Denial of A Fair Trial; *Miranda* Violations; *Brady* Violations; and Deprivation of Liberty Under the Fourth, Fifth, Sixth and Fourteenth Amendements; Against Officers Cassidy, Silva, and Looney**

46. Plaintiff repeats and realleges each and every previous allegation contained in this Complaint and incorporates them here.

47. Defendants, without probable cause and in disregard of overwhelming evidence of Plaintiff's innocence, wrongfully detained him and wrongfully charged him with criminal acts.

48. Moreover, defendants, in absence of probable cause for Plaintiff's continued seizure, continued the seizure by submitting the false criminal complaint to prosecutors and New York County courts, which continued the charges against Plaintiff and his detention and/or seizure, requiring Plaintiff to repeatedly appear in court to defend against the charges.

49. The Officer defendants created false police and complaint reports.

50. The misleading information contained in those false reports and the information omitted from them, was likely to influence a judge's decision.

51. Those defendants then forwarded those reports to prosecutors who in turn relied on them to commence formal criminal proceedings against Plaintiff.

52. Defendants' actions deprived Plaintiff of his right to not be prosecuted on fabricated evidence and to a fair trial under the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution

53. The individual defendants, by virtue of the foregoing, acting in concert with each other and with additional persons for whose acts they are liable, initiated, continued and/or caused the initiation or continuation of, criminal proceedings against Plaintiff.

54. The criminal proceedings terminated in Plaintiff's favor.

55. There was no probable cause for the commencement or the continuation of the criminal proceedings.

56. There was no probable cause for Plaintiff's initial detainment.

57. The Defendants acted with actual malice.

58. The aforesaid conduct operated to deprive Plaintiff of his rights under the Constitution and the Laws of the United States:

    (a) Not to be arrested, prosecuted, detained or imprisoned based upon false, fabricated, manufactured, misleading or inherently unreliable "evidence," including false allegations in violation of the Fourth and Fourteenth Amendments and the Due Process and Fair Trial Clauses of the Fifth, Sixth and Fourteenth Amendments, to the U.S. Constitution; and

    (b) Not to be deprived of his liberty absent probable cause to believe he has committed a crime, in violation of his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

59. The foregoing violations of Plaintiff's federal constitutional rights by the defendants, together with their co-conspirators and accomplices, known and unknown, directly, substantially, proximately and foreseeably caused the continuation of Plaintiff's malicious prosecution without probable cause and his other injuries and damages.

60. The foregoing violations of Plaintiff's rights amounted to Constitutional torts and were affected by actions taken under color of state law and within the scope of the Defendants' employment and authority.

61. Defendants committed the foregoing violations of Plaintiff's rights knowingly, intentionally, willfully, recklessly, negligently and/or with deliberate indifference to Plaintiff's constitutional rights which are protected by 42 U.S.C. § 1983.

62. By reason of the foregoing, the defendants are liable for damages.

## NINTH CAUSE OF ACTION

**Claim Under 42 U.S.C. § 1983 for Violative Policies, Practices and Procedures
(Against The City of New York and The New York City Police Department)**

63. Plaintiff repeats and realleges each and every previous allegation contained in this Complaint and incorporates them here.

64. The City of New York and The New York City Police Department had in effect, both before and at the time of the events alleged in this complaint, policies, practices, procedures, and customs which operated to deprive Plaintiff of his constitutional rights.

65. The City of New York and The New York City Police Department are liable under 42 U.S.C. § 1983 because they established policies, practices, procedures, and customs that were intended to and did encourage, endorse, and reward their agents and employees for violating the constitutional rights of Plaintiff and other similarly situated persons.  At a minimum, the supervisors and the governmental units were deliberately indifferent to such constitutional violations.

## DAMAGES DEMAND

WHEREFORE, PLAINTIFF demands judgment against the defendants as follows:

a. For compensatory damages of not less than $100,000;

b. For punitive damages against the individual defendants of $500,000;

c. For reasonable attorneys' fees, together with costs and disbursements, pursuant to 42 U.S.C. §1988 and to the inherent powers of this Court;

d. For pre-judgment interest as allowed by law; and

e. For such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues raised herein

Dated: New York, New York
May 29, 2018

Respectfully Submitted


*/s/Henry Bell*
By: Henry Bell
Bell Law PLLC
747 Third Ave, Second Floor
New York, NY 10017
347-951-7743
