UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MYTAYARI KEYES,

                         Plaintiff,

                -v-

THE CITY OF NEW YORK et al.,
                         Defendants.

18-CV-4712 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

The District Attorney for New York County ("DANY") has moved to quash nonparty

subpoenas served by Plaintiff on Assistant District Attorneys Tania Fiedorek and Jeffrey

Levinson.  (Dkt. No. 37.)  Having reviewed the parties' submissions (Dkt. Nos. 38, 39, 42, 43, &

44), the Court grants the motion to quash but orders certain related discovery.

First, Plaintiff seeks the deposition of ADA Fiedorek, who interviewed one of the

Defendant police officers (Cassidy) and wrote notes of the interview in the "DA datasheet" based

on the interview.  The Court agrees with DANY that deposition testimony by Fiedorek is

unlikely to be relevant and is not proportional to the needs of the case under Federal Rule of

Civil Procedure 26(b)(1).  The datasheet notes have been produced to Plaintiff.  Fiedorek was

neither the investigating prosecutor nor the trial ADA.  In the unlikely event that she might recall

something from the interview beyond the contents of her notes, such testimony would be

protected work product insofar as it would reveal her mental impressions and opinions.

Second, Plaintiff seeks the deposition of ADA Levinson, a supervising ADA who briefly

appeared during the criminal trial at the request of the trial assistant.  Plaintiff requests the

deposition of Levinson "to discover whether DANY investigated the Defendant[] [officers] and

the results of that investigation."  (Dkt. No. 42 at 4.)  The opinions of Levinson or others in the

District Attorney's office about the credibility of the officers would be irrelevant and likely protected work product. As to whether DANY investigated the officers, Plaintiff provides no reason for concluding that a deposition of Levinson is necessary or appropriate. The Court concludes that a deposition of Levinson is unlikely to be relevant and is not proportional to the needs of the case.

Accordingly, DANY's motion to quash is granted.

The Court concludes, however, that the results of any adverse internal investigation or disciplinary proceeding involving the Defendant officers in connection with this incident may be subject to production in discovery. While opinion work product is broadly protected, "fact work product" — encompassing "factual material, including the result of a factual investigation," *In re Grand Jury Subpoena*, 510 F.3d 180, 183 (2d Cir. 2007) — must be produced upon a showing of substantial need and the inability to obtain its equivalent from other sources. If any such investigations or proceedings involving this incident occurred *and* resulted in adverse findings regarding any of the Defendant officers, the Court will entertain a motion to compel production of any pertinent documents that have not already been produced. If there was no such investigation, proceeding, or adverse finding, DANY may so state in a declaration or affidavit.

SO ORDERED. *(The Clerk shall close the motion at Docket No. 37.)*

Dated: January 9, 2020
New York, New York

_____
J. PAUL OETKEN
United States District Judge